IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA WILLIAM GROFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil No.   15-cv-538-SMY-MAB |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER FOR ATTORNEY'S FEES

**BEATTY, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 23). Defendant has responded that he has no objection. (Doc. 26).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner issued a partially favorable decision finding Plaintiff disabled since September 2, 2015, but not earlier. Plaintiff requested review by the Appeals Council, and they issued a partially favorable decision finding Plaintiff disabled since May 10, 2013. (Doc. 23-2). The fee agreement between Plaintiff and his counsel (Doc. 23-3) provided for a fee of 25% of Plaintiff's past-due benefits, including past-due benefits owed to eligible beneficiaries.

Plaintiff has been awarded past-due benefits based on Plaintiff's disability record. In August 2019, the Appeals Council ultimately decided that Plaintiff has been disabled since May 2013. Thus, the amount of past-due benefits is considerable; 25% of the past

due amount equals $18,706.75. (Doc. 23-2). 42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." Ibid. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $4,168.19. (Doc. 22). Upon receipt of the $18,706.75 sum, Plaintiff's counsel will remit the previously awarded EAJA fee of $4,168.19 to Plaintiff.

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreements in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by Plaintiff's counsel, the disability result received by Plaintiff, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that $18,706.75 is a reasonable fee here.

While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*,

535 U.S. at 798, n. 6. The Commissioner has no objection. (Doc. 26).

Wherefore, Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED.** The Court awards Plaintiff's counsel, Charles E. Binder, a fee of $18,706.75 (eighteen thousand, seven hundred six dollars and seventy-five cents), to be paid by the agency from the past-due benefits.

**IT IS SO ORDERED.**

**DATED: July 31, 2020**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
